UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00375-GNS-CHL

MARTHA HOPKINS                  PLAINTIFF

v.

LIFE INSURANCE COMPANY OF
  NORTH AMERICA                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Life Insurance Company of North America's ("LINA") Motion to Transfer Venue. (Def.'s Mot. to Transfer Venue, DN 11). Fully briefed, this motion is ripe for a decision. For the following reasons, LINA's motion is **GRANTED**.

### I. BACKGROUND

Plaintiff Martha Hopkins ("Hopkins") is insured under a long-term disability policy underwritten by LINA and administered by Hopkins' former employer, LifePoint Hospitals, Inc. (Compl. 2, DN 1; Def.'s Mem. in Supp. of Mot. to Transfer Venue 1, DN 11-1 [hereinafter Def.'s Mem. in Supp.]). She alleges in her Complaint that by improperly terminating her benefits, LINA is in breach of contract. (Compl. 3). Hopkins is a North Carolina resident, LINA is a Pennsylvania company with its principal place of business in Philadelphia, LifePoint

Hospitals, Inc. is headquartered in Tennessee, and Hopkins' treating physicians are all in Virginia. (Lodi Aff. 1-2, DN 11-2).

On September 18, 2015, LINA filed its motion seeking to transfer this matter to the Middle District of North Carolina, which is the district in which Hopkins resides. (Def.'s Mem. in Supp. 2). Hopkins responded (Pl.'s Resp. in Opp'n to Def.'s Mot. to Transfer Venue, DN 13 [hereinafter Pl.'s Resp.]), and LINA has replied in support of its motion (Def.'s Reply in Supp. of Def.'s Mot. to Transfer Venue, DN 15 [hereinafter Def.'s Reply]). The motion is thus ripe for adjudication.

## II.  JURISDICTION

The Court has subject matter jurisdiction in that this civil action arises under the laws of the United States, including, but not limited to 29 U.S.C. § 1132. 28 U.S.C. § 1331.

## III.  DISCUSSION

In its motion, LINA argues that because this matter has no tie to Kentucky, other than the fact that Hopkins' counsel is based and licensed to practice law in Kentucky, it should be transferred to a different venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a). (Def.'s Mem. in Supp. 3, 6). LINA offers the Middle District of North Carolina as a proposed receiving district based on Hopkins' residence in that district, and the fact that the alleged breach occurred in that district. (Def.'s Mem. in Supp. 5). Hopkins objects, relying on the broad venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and case law holding that a plaintiff's choice of forum should rarely be disturbed. (Pl.'s Resp. 2, 5).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought . . . ." 28 U.S.C. § 1404(a). ERISA provides that venue is proper "'in the district . . . where a defendant resides or may be found.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 646 (6th Cir. 2006) (alteration in original) (quoting 29 U.S.C. § 1132(e)(2)). There is no argument that the Western District of Kentucky is an impermissible venue, nor is there an argument that the Middle District of North Carolina is an impermissible venue.

"[I]n ruling on a motion to transfer under §1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness . . . .'" *Moore*, 446 F.3d at 647 n.1 (first alteration in original) (internal quotation marks omitted) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). In analyzing these factors, the courts are to examine: "(1) the location of witnesses; (2) the parties' residences; (3) the location of evidence; (4) the location of events that gave rise to the suit; (5) [systemic] integrity and fairness; and (6) plaintiff's choice of forum." *Hilbert v. Lincoln Nat'l Life Ins. Co.*, No. 3:14-CV-565-JGH, 2015 WL 1034058, at *1 (W.D. Ky. Mar. 6, 2015).

As this Court has previously noted, "[t]he first and third factors, the location of witnesses and evidence, are often irrelevant in ERISA suits since these cases are typically decided on review of the administrative record." *Id.* at *2. To the extent that those factors are relevant, Hopkins, her physicians, her former employer, and LINA are all located elsewhere than the Western District of Kentucky. (Lodi Aff. 1-2). To the second factor, Hopkins resides in North Carolina and LINA is a Pennsylvania company with its principal place of business also in Pennsylvania. (Lodi Aff. 1-2).

As to the fourth factor, this Court has previously held that the location of events that gave rise to the suit in the context of an ERISA matter "is the place where payment was to be

received." *Hilbert*, No. 3:14-CV-565-JGH, 2015 WL 1034058, at *2 (citing *Coulter v. Office of Prof'l Emps. Int'l Union*, No. 1:03-CV-111, 2003 WL 21938910, at *3 (E.D. Tenn. June 10, 2003)). Hopkins filled out a Disability Questionnaire and Activities of Daily Living form supplied by LINA on June 16, 2014, in support of her claim for long-term disability, and in that form her address is listed as being in Pelham, North Carolina. (Lodi Aff. 2). Presumably, she would receive payments at that address, making it the location of the alleged breach.

The fifth factor weighs against Hopkins, as this case has no connection with Kentucky at all other than the fact that her counsel is located and licensed to practice in Kentucky. *See Hilbert*, No. 3:14-CV-565-JGH, 2015 WL 1034058, at *2. Finally, Hopkins chose the Western District of Kentucky, and normally her choice is entitled to deference. *DRFP L.L.C. v. Republica Bolivariana de Venezuela*, 622 F.3d 513, 518 (6th Cir. 2010). This deference, however, is lessened when a "plaintiff chooses a forum that is not her home." *Hilbert*, No. 3:14-CV-565-JGH, 2015 WL 1034058, at *2 (citing *Dorsey v. Hartford Life & Accident Ins. Co.*, No. 1:08-CV-243, 2009 WL 703384, at *4 (E.D. Tenn. Mar. 16, 2009)).

Consideration of the pertinent factors here leads to the common-sense conclusion that Kentucky is not the proper place for this action. The sole connection here is Plaintiff's counsel's law practice, while all conceivable substantive facets of the claim lie elsewhere. Under these circumstances, Plaintiff's choice of forum is far outweighed by the other factors, which dicate that venue is the most appropriate in North Carolina. On this basis, the Court will grant LINA's request and transfer this matter.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Life Insurance Company of North America's Motion to Transfer (DN 11) is **GRANTED**.

5

**IT IS FURTHER ORDERED** that this case is hereby **TRANSFERRED** to the United States District Court for the Middle District of North Carolina.

                **Greg N. Stivers, Judge**
                **United States District Court**
                December 16, 2015

cc:    counsel of record
        Clerk, U.S. District Court, Middle District of North Carolina